# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**COLUMBUS CHRIS WILLIAMS**   **CIVIL ACTION**

**VERSUS**   **NO. 07-603**

**STATE OF LOUISIANA'S A.G.'S**   **SECTION "B" (2)**
**OFFICE, MS. JULIE CULLEN, ESQ.**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** as moot and for seeking relief which is not available.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     STATE COURT PROCEDURAL BACKGROUND

The petitioner, Columbus Chris Williams Jr., is incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2] On March 5, 2004, Williams was charged by bill of information in Terrebonne Parish Case No. 04-423851 with three counts of terrorizing and five counts of retaliation against a public official.[3] Because one of the retaliation charges involved the Terrebonne Parish District Attorney, the Louisiana Attorney General's Office prosecuted the case.[4]

On April 19, 2004, Williams filed a pro se motion for a speedy trial.[5] Shortly thereafter, on May 19, 2004, Williams's appointed counsel moved for appointment of a sanity commission, and the motion was granted.[6] Williams apparently refused to attend appointments with the appointed psychiatrist and, instead, insisted that an African-

---

[2]Rec. Doc. No. 61.

[3]St. Rec. Vol. 1 of 9, Bill of Information, 3/5/04.

[4]St. Rec. Vol. 1 of 9, Motion and Order to Recuse District Attorney, 3/5/04; Minute Entry, 3/8/04. Several state district judges of the 32nd Judicial District Court for Terrebonne Parish were also recused. St. Rec. Vol. 1 of 9, Minute Entry, 3/30/04.

[5]St. Rec. Vol. 1 of 9, Motion for Speedy Trial, 4/19/04.

[6]St. Rec. Vol. 1of 9, Motion for Appointment of Sanity Commission, 5/19/04; Minute Entry, 5/19/04.

American psychiatrist be placed on the panel.[7] Another doctor was then appointed on June 28, 2004.[8]

In the meantime, Williams apparently filed a writ application with the Louisiana First Circuit Court of Appeal seeking review of the denial of his motion to set bail.[9] On February 7, 2005, the Louisiana First Circuit transferred the application to the state trial court for reconsideration. The appellate court also wrote the following:

> We further note that until the sanity proceedings are completed and the trial court has made a ruling that relator has the mental capacity to proceed, it would not be appropriate for the court to take any further steps in the prosecution of this case. See La. Code Crim. P. art. 642.[10]

The state trial court held a competency hearing on March 23, 2005.[11] After considering the available psychiatric report, the court determined that Williams was

---

[7]St. Rec. Vol. 1 of 9, Motion for Appointment of Additional Physician to Sanity Commission, 6/28/04.

[8]St. Rec. Vol. 1 of 9, Trial Court Order, 6/28/04.

[9]The records do not contain a copy of this writ application. The substance of the application is discussed in the Louisiana First Circuit's subsequent order. St. Rec. Vol. 1 of 9, 1st Cir. Order, 2005-KW-0095, 2/7/05.

[10]Id.

[11]St. Rec. Vol. 1 of 9, Minute Entry, 3/23/05; Transcript of Competency Hearing, 3/23/05; Psychiatric Report (Hien Q. Tran, MD), 10/21/04; St. Rec. Vol. 2 of 9, Transcript of Competency Hearing (continued), 3/23/05; Psychiatric Evaluation (Gregg Hunter, MD, dated 10/21/04), 6/29/05.

3

competent to assist in his defense and set bail in the amount of $3 million.[12] That same day, Williams filed a pro se motion to clarify his prior motion for a speedy trial.[13]

On June 16, 2005, Williams's counsel filed a motion for a status conference to discuss a change of the plea from "not guilty" to "not guilty by reason of insanity."[14] At the hearing on that motion on June 29, 2005, the state trial court set another competency hearing.[15] This time, on August 25, 2005, the state trial court resolved that Williams was not able to assist in his defense and ordered that he be evaluated at the Southeast Louisiana Mental Health Systems Forensic Facility in Jackson, Louisiana.[16]

On December 16, 2005, the sanity commission issued its evaluation finding that Williams was competent to assist his counsel and to stand trial.[17]

---

[12]Id.

[13]St. Rec. Vol. 1 of 9, Motion to Clarify Original Motion for Speedy Trial, 3/23/05.

[14]St. Rec. Vol. 2 of 9, Motion for Status Date for Consideration of Change of Plea, 6/16/05; see also, St. Rec. Vol. 4 of 9, Motion to Change Plea, 4/6/06 (dated 5/23/05); see also, St. Rec. Vol. 5 of 9, Motion to Enter Plea of Guilty, 4/6/06 (dated 4/11/05); see also, St. Rec. Vol. 5 of 9, Motion to Suppress and Motion to Plead Guilty, 4/6/06 (5/1/05).

[15]St. Rec. Vol. 2 of 9, Minute Entry, 6/29/05.

[16]St. Rec. Vol. 2 of 9, Minute Entry, 8/25/05; Order, 9/1/05; St. Rec. Vol. 3 of 9, Hearing Transcript, 8/25/05.

[17]St. Rec. Vol. 7 of 9, Sanity Commission Evaluation, 12/16/05.

Shortly thereafter, in connection with one of Williams's many writ applications, the Louisiana First Circuit had occasion to comment on Williams's complaint that he was being denied a speedy trial:[18]

> Relator complains about being denied a speedy trial. Based on his allegation that the trial court has determined he lacks the mental capacity to proceed, the matter may not be scheduled for trial. See La. Code Crim. P. art. 648. Insofar as relator disputes the trial court's ruling that he lacks capacity to proceed, we note relator specifically seeks review of that ruling in 2005 KW 2192.[19]

The referenced writ application related to the incompetency finding, No. 2005-KW-2192, was denied without reasons by the Louisiana First Circuit on March 28, 2006.[20]

In the meantime, on February 3, 2006, counsel filed motions seeking to allow Williams to act as his own counsel and for his release from incarceration pending the mental capacity review.[21] At the hearing held on March 23, 2006, the court considered the sanity commission evaluation and determined that Williams was competent to

---

[18]The record does not contain a copy of this writ application. No. 2005-KW-1925.

[19]State Record Volume 2 of 9, First Circuit Order, 2005-KW-1925, December 28, 2005. See also, St. Rec. Vol. 5 of 9, Appeal from Insanity Ruling, 4/6/06 (dated 8/26/05).

[20]St. Rec. Vol. 7 of 9, 1st Cir. Order, 2005-KW-2192, 3/28/06.

[21]St. Rec. Vol. 3 of 9, Motion to Allow Defendant to Act as Own Counsel, 2/3/06; Motion for Release, 2/3/06.

proceed.[22] The court also received for filing that day numerous motions submitted pro se by Williams and which were being held by the Louisiana Attorney General's Office because Williams was represented by counsel.[23] The court also instructed the clerk of court to allow Williams to file pleadings on his own behalf. Among these motions were more than a dozen requests for a speedy trial.[24]

On July 26, 2006, the state trial court conducted a motion hearing to resolve numerous pretrial discovery and suppression motions, which had remained pending because of the competency proceedings.[25] The state trial court held another pretrial motion hearing on January 17, 2007, and set pretrial and trial dates.[26]

---

[22]St. Rec. Vol. 3 of 9, Sanity Hearing Minutes, 3/23/06.

[23]According to the Case History Display, the clerk of court filed the 191 letters and motions on April 6, 2006. St. Rec. Vol. 9 of 9, Case History Display, Entry 4/6/06.

[24]St. Rec. Vol. 3 of 9, Motion for Subpoenas and Speedy Trial, 4/6/06 (dated 4/1/06); St. Rec. Vol. 4 of 9, Motion for Speedy Trial, 4/6/06 (dated 12/9/05); Motion to Recuse and for Speedy Trial, 4/6/06 (dated 1/10/05); Motion for a Speedy Trial, 4/6/06 (dated 1/20/05); Motion for Speedy Trial, 4/6/06 (dated 1/12/05); Motion for a Speedy Trial, 4/6/06 (dated 6/20/05); Motion for a Constitutional Speedy Trial, 4/6/06 (dated 6/21/05); Motion for Speedy Trial, 4/6/06 (dated 6/8/05); Motion for Sanity Commission Hearing and a Speedy Trial, 4/6/06 (dated 12/23/04); Motion for Subpoenas and Speedy Trial, 4/6/06 (dated 4/1/04); Motion for Subpoenas and Speedy 120 Day Trial, 4/6/06 (dated 4/5/04); St. Rec. Vol. 5 of 9, Motion Stating That I Am Not Truly Insane and Requesting a 120 Days Speedy Trial, 4/6/06 (dated 6/8/05); Motion for Speedy Trial, 4/6/06 (dated 1/20/05); St. Rec. Vol. 6 of 9, Motion for Writ of Habeas Corpus and Speedy Trial, 4/6/06 (dated 12/19/05); St. Rec. Vol. 7 of 9, Motion for Contradictory Hearing and a Speedy Trial, 4/6/06 (dated 1/17/05); Motion for Speedy Contradictory Hearing and Speedy Trial, 4/6/06 (dated 1/12/05).

[25]St. Rec. Vol. 9 of 9, Minute Entry, 7/26/06.

[26]St. Rec. Vol. 8 of 9, Minute Entry (2 pages), 1/17/07.

Williams appeared before the state trial court on January 29, 2007, and advised the court that he had decided not to change his plea to "not guilty by reason of insanity."[27] At another motion hearing held on March 21, 2007, the state trial court denied Williams's motion to quash the prosecution as untimely.[28] Williams again voiced his decision not to change his plea.[29]

Williams was later tried before a jury on April 16 through 19, 2007, and was found guilty as charged on all counts.[30] Williams filed a motion for appeal in open court on April 19, 2007.[31] He was sentenced on May 2, 2007, to serve consecutive sentences of 15 years on each of counts one through three and five years on each of counts four through eight.[32]

---

[27] St. Rec. Vol. 8 of 9, Minute Entry, 1/29/07.

[28] St. Rec. Vol. 8 of 9, Minute Entry (2 pages), 3/21/07.

[29] Id., p. 2.

[30] St. Rec. Vol. 8 of 9, Trial Minutes (4 pages), 4/16/07; Trial Minutes (3 pages), 4/17/07; Trial Minutes (2 pages), 4/18/07; Trial Minutes (2 pages), 4/19/07; Jury Verdict (16 pages), 4/19/07; St. Rec. Vol. 9 of 9, Trial Transcript, 4/16-19/07.

[31] St. Rec. Vol. 9 of 9, Motion for Appeal, 4/19/07.

[32] St. Rec. Vol. 9 of 9, Sentencing Minutes, 5/2/07.

II.  FEDERAL HABEAS PETITION

On March 5, 2007, Williams filed a petition for federal habeas corpus relief, alleging that his right to a speedy trial had been violated because he had not been to trial on the 2004 charges.[33]  As relief, he seeks the setting of a trial date before a jury.[34]

The State filed a response to the petition, recognizing that it was a pretrial petition brought pursuant to 28 U.S.C. § 2241 and alleging that the petition is untimely filed under 28 U.S.C. § 2244(d)(1).[35]  In response to the State's opposition, Williams has continually filed summaries of his claims and copies of many of the pleadings contained in the state court record.

III.  NATURE OF THE CURRENT PETITION

Williams has presented his claims on the form reserved for the filing of habeas corpus petitions under 28 U.S.C. § 2254.  However, given his attempt to assert a right to a speedy trial, "the issue here is whether habeas corpus is warranted under § 2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding." Braden v. Jud. Cir. Ct. of Ky., 410 U.S. 484, 503-04

---

[33] Rec. Doc. No. 1.

[34] Rec. Doc. No. 1-2, p. 8.

[35] Rec. Doc. No. 47.

(1973). Thus, it is appropriate for this court to consider Williams's petition under the rules applicable to pretrial petitions brought pursuant to Section 2241.

As will be discussed herein, the record reflects that Williams's request for a speedy trial is now moot. His claims must be dismissed for the following reasons.

IV.   SECTION 2244(D) LIMITATIONS DOES NOT APPLY

The State suggests that Williams's petition is not timely filed under 28 U.S.C. 2244(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. However, the AEDPA did not amend Section 2241 to include a limitations period for the filing of a petition under that provision. Homayun v. Cravener, 39 F. Supp.2d 837 (S.D. Tex. 1999) (citing Sandoval v. Reno, 166 F.3d 225, 234 (3d Cir. 1999) and Goncalves v. Reno, 144 F.3d 110, 120 (1st Cir. 1998), cert. denied, 526 U.S. 1004 (1999)).

> The Fifth Circuit cases addressing limitations involve habeas petitions filed under either 28 U.S.C. § 2254 or § 2255, not petitions for relief under § 2241. It appears, therefore, that petitioners relying on § 2241 are not subject to the one-year limitations period set forth in other provisions of the AEDPA.

Homayun, 39 F. Supp.2d at 841. For this reason, the State's limitation defense is rejected and need not be addressed further.

## V. MOOTNESS OF PRETRIAL ISSUES

Williams's federal habeas corpus petition is now moot, and he is no longer entitled to federal review of his speedy trial issues. Claims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction. Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993) (citing Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988)); United States v. Zuniga-Salinas, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991), modified in part on other grounds, 952 F.2d 876 (5th Cir. 1992); Thornton v. Johnson, No. 3:00-CV-1875-G, 2001 WL 204777, at *4 (N.D. Tex. Feb. 27, 2001) (Sanderson, M.J.), report & recommendation adopted, 2001 WL 313959 (N.D. Tex. Mar. 30, 2001) (Fish, J.).

On March 5, 2007, Williams's habeas petition was filed in this court. About six weeks later, on April 19, 2007, Williams was found guilty of all counts by a jury. This renders moot his claims concerning pretrial issues of violation of speedy trial limitations. His petition seeking such relief must be dismissed as moot.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Williams's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __5th__ day of September, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE